The Board of County Commissioners of Logan County,
O. T. v. The State Capital Company.

(Filed February 15, 1906.)

1.  TAXATION—Publishing Tax Lists—Duty of Treasurer—Statutes.
Section 101, of chapter 75 of Wilson's Revised Statutes, 1903, makes
it "the duty of the county treasurer to cause all delinquent taxes
to be published in some newspaper published in the county :n
which said taxes have become delinquent, if any newspaper be
published in said county,* * * * *" Under this statute, it is made
the duty of the treasurer to select the newspaper in which said
publication is to be made, and in making such selection he is not
governed by any order or direction of the board of county com-
missioners in relation thereto.

2.  COUNTY ATTORNEY—Duty of—Statutes. Section 1289, Wilson's
Revised Statutes, 1903, makes it "the duty of the county attorney
to appear in the district courts of the respective counties and to
prosecute or defend on behalf of the Territory, or his county, in all
actions or proceedings, civil or criminal, in which the Territory or
county is interested or a party." This statute authorizes the coun-
ty attorney to appear for, and constitutes him the legal agent of
the county in all litigation pending in the district court where the
county is a party,, and in managing and conducting such litigation
he is under no legal obligations to take the orders or directions
of the board of county commissioners in relation to such litigation,
or the management thereof, and his acts in relation to the same are
binding on the county within the scope of his authority as such
agent.

3.  DISTRICT COURT—Jurisdiction of—Appeal from County Commis-
sioners. Section 201, chapter 19. Wilson's Revised Statutes, 1903,
provides: "The district court may make a final judgment, and
cause the same to be executed, or may send the same back to the
board with an order how to proceed, and require said board of
county commissioners to comply therewith by mandamus or at-
tachment as for contempt." Under the provisions of this statute
the judge of the district court, in cases appealed from the action
of the board of county commissioners, has the authority to render
a final judgment, and to make all the necessary orders to carry
the same into effect, or he has the alternative to order the same
remanded to the commissioners, with an order commanding them
to take necessary proceedings in accordance with his judgment in
the premises.

(Syllabus by the Court.)

*Error from the District Court of Logan County; before John H. Burford, Trial Judge.*

*Orville T. Smith,* for plaintiff in error.

*J. R. Cottingham,* for defendant in error.

### STATEMENT OF FACTS.

This case was an appeal to the district court from the action of the board of county commissioners of Logan county, Oklahoma, in disallowing a bill for three hundred thirty-one and fifty one hundredths dollars ($331.50) filed by the defendant in error, The State Capital Company; and was tried in the district court by the judge of said court, a jury having been waived, on the following stipulation of facts.

"In the District Court of Logan County, Oklahoma Territory.

"*In the matter of the appeal of the State Capital Company, printing delinquent tax list.*

### "AGREED STATEMENT OF FACTS.

"Come now the parties of the above entitled action, the State Capital Company, a corporation, and F. H. McGuire, the county attorney of Logan county, and hereby make the agreed statement of facts in the above entitled matter, and submit the same to the court, and ask a decision of the court thereon.

"It is agreed that the State Capital Company is a corporation organized and doing business under and by virtue of the laws of the Territory of Oklahoma.

"That the State Capital Company is the owner of and the publisher of a newspaper known as the Oklahoma State Capital, which newspaper is published in Logan county, and has been of general circulation therein, without intermission for more than one year last past.

"That Charles Seely is the duly elected, qualified and acting county treasurer of Logan county, and had been for more than one year last past.

"That during the month of March, 1905, the said Charles Seely, as county treasurer of Logan county, made out a list of all delinquent taxes as required by section 101, of article 10, chapter 75, of Wilson's Statutes of Oklahoma, 1903, and delivered said delinquent tax list to the State Capital Company, and ordered and directed that the same be printed by said company in the Oklahoma State Capital, a newspaper, to publish as aforesaid. That said company, pursuant to said order and direction of the county treasurer, did publish said delinquent tax list, so ordered by the county treasurer, in all respects as required by law.

"That thereafter, and after the publication of said delinquent tax list, the said State Capital Company rendered a bill to Logan county, in writing, duly verified, and filed the same in the office of the county clerk of Logan county, on the 25th day of March, 1905, for such services in the sum of three hundred thirty one and 50|100 ($331.50) dollars which bill is a part of the records and files in this case, and is made a part of this agreed statement of facts. Which bill was regular, in due form, and was filed five days before the first day of the next meeting of the county commissioners, which was April 3, 1905. The court is requested to hear proof as to the amount of such bill.

"That on the 3rd day of April, 1905, the board of county commissioners, being in regular session, said bill was presented to said board in due form, and disallowed, and an endorsement made on said bill by the chairman of said board of county commissioners, as follows, to wit: "Rejected, no authority to print." Reference being hereby made to the original bill and said endorsement thereon, being a part of the records and files in this case, and a transcript by the county clerk being also a part of the records herein.

"That said bill was rejected by the board of county commissioners for the sole reason that said printing of said. delinquent tax list was ordered and directed by the county treasurer of Logan county, and not by the board of county commissioners of said county, the commissioners claiming the sole authority to order such printing being in the board of county commissioners, only.

"From this order of the board of county commissioners, the State Capital duly appealed to the district court of Logan county where said action is now pending, and the district court is requested to pass upon the matter herein submitted and render such judgment as is warranted under the law.

"Respectfully submitted,
"J. R. COTTINGHAM,
"Attorney for State Capital Company.
"F. H. McGUIRE,
"County Attorney."

On this stipulation of facts, having heard the arguments of counsel and being duly advised in the premises, the court finds for the plaintiff and against the defendant, rendering judgment in the sum of three hundred thirty one and 50|100 dollars, with interest thereon from the date of judgment at the rate of seven per cent. per annum. Motion for new trial was regularly filed, argued, and overruled by the court, and exceptions saved, and the case is brought here for review.

Opinion of the court by

IRWIN, J.: A reversal of this case is asked for on three distinct propositions. The first one is, has the treasurer the right to select the newspaper in which to publish the delinquent tax lists of the county.

This court has decided this proposition on a statute which in principle, it seems to us, is identical with the statute under

which this publication was made.    While the phraseology of
the two statutes are somewhat different, the meaning and in-
tention are exactly alike, and they should be treated as sim-
ilar statutes.

In the case of *Allen and Rixse, v. Board of County Com-
missioners of Cleveland County,* reported in the 12 Okla. 603,
this court had under consideration a statute which provided
that it was the duty of the county treasurer to give notice of
the sale of real property for taxes by the publication thereof
once a week for three consecutive weeks, commencing after the
third Monday in October preceding the sale, in some news-
paper in the county, and then in the same statute, provides
what the notice shall contain.    The statute involved in this
case makes it the duty of the treasurer to advertise the de-
linquent tax sales, and as to that subject, uses this language.
"All delinquent taxes shall by the county treasurer, be ad-
vertised in some newspaper published in the county."    Now it
would seem that in principle there is no difference between
the language used in the act under consideration in the *Allen-
Rixse v. Commissioners,* case, and the one at bar.    In the for-
mer case, the language used was, the "county treasurer shall
give notice," and in the present case, the language is "All
delinquent taxes shall, by the county treasurer, be advertised."
In the *Allen-Rixse v. Commissioners,* case, it was distinctly
held by this court that in selecting such newspaper, he,
meaning the treasurer, is not bound to select the particular
newspaper with which the county commissioners may have ·
made a contract to do the county printing, and it was there
held that the selection of a newspaper to publish the delin-
quent  tax list in, was  particularly within the  duties pre-
scribed for the county treasurer, and was a matter in which

he alone had the right to designate the particular paper in which the advertisement was to be made, and that in making such selection he was not to be governed by the action of the board of county commissioners, and we think the same principle and the same holding is applicable in this case, and for that reason, there is no merit in this contention by plaintiff in error.

The second proposition is, has the county attorney authority to appear for and bind the county in the litigation in question. It is alleged by the plaintiff in error that the district court erred in refusing to grant a rehearing, or a new trial, for the reason that a showing was made before him that subsequent to the taking of the appeal, and prior to the decision of the court, that the board of county commissioners, in regular session, passed certain resolutions, whereby directions were given to the county attorney to set up certain defenses, and to take certain legal steps to make certain matters of defense in the case. Now we take it that under the statutes of this Territory, the county attorney, by express statute, is made the legal agent of the county in the management and conducting of all litigation in the district court both civil and criminal, in which the county is a party, and it is a principle of law well understood by all lawyers, and generally recognized by all courts, that a party litigant is bound by the action of his attorney within the scope of his authority, and no different rule would obtain where the county is a party than where an individual is a party. The statutes of this Territory, section 1289, Wilson's Revised Statutes, contain this provision:

"It shall be the duty of the county attorneys of the several counties, to appear in the district courts of their respect-

ive counties, and to prosecute and defend on behalf of the Territory or his county in all actions or proceedings, civil or criminal, in which the Territory or his county is interested, or a party. * * *"

Now this statute, in express terms, constitutes the county attorneys of the various counties the legal representatives and agents of the county in all matters in litigation wherein the county is a party. And in managing and conducting such litigation he is under no legal obligations to receive orders or directions from the board of county commissioners in the management or conduct of such litigation. And the board of county commissioners have no legal right to interfere with his management of such litigation, or to employ any other or different counsel to conduct or assist in conducting such litigation. In the case of *County Commissioners v. Jones* reported in the 4th Okla. 341, this court says, in the body of the opinion, at page 344:

"By these statutes, the legislature has made ample provisions for an attorney for both the county, and, in fact, each and every county, and the Territory. It is the duty of the county attorney to perform all legal services for the county and Territory within his county, and in cases in which the Territory or county is interested which may have been taken from his county on change of venue. It is the duty of the attorney general to prosecute and defend all cases, civil and criminal, in the supreme court, where the Territory is interested as a party."

The legislature has given to the county commissioners no authority whatever to employ any other attorney than the one who is employed by law to represent the public interests, and a contract made for such purpose is *ultra vires* and void.

In the case of *Clough et al., v. Hart,* reported in the 8th Kansas, at page 325, the Kansas surpeme court say:

"The county attorney is elected by the people of the county and for the county. He is the counsel for the county, and cannot be superseded or ignored by the county commissioners. His retainer and employment is from higher authority than the county commissioners. The employment of a general attorney for the county is not by the law put into the hands of the county commissioners, but it is by the law put into the hands of the people themselves. The county attorney derives his authority from as high a source as the county commissioners do theirs, and it would be about as reasonable to say that the county attorney could employ another board of commissioners to transact the ordinary business of the county, as it is to say that the county commissioners can employ another attorney to transact the ordinary legal business of the county. Both would be absurd. It is the duty of the county attorney to give legal advice to the county commissioners, and not theirs to furnish legal advice to or for him."

Hence we think that the action of the district court in refusing to grant a rehearing, or set aside the judgment rendered for the reason that the county attorney had not followed the directions and advice of the county commissioners in regard to the conduct of the litigation was correct, and should be sustained.

The only remaining proposition to be considered in this case is, did the court have the authority to enter the judgment which was entered in this case?

Counsel for plaintiff in error complain of that part of the judgment of the district court which reads as follows:

"It is therefore on this 6th day of May, 1905, considered, ordered, adjudged and decreed by the court that * * * a copy of this order be certified to the county clerk of Logan county; that said county clerk be and he is hereby ordered and directed to issue a warrant of Logan county in due form

in said amount to The State Capital Company, in payment of the amount found due herein, and in compliance herewith."

This, counsel for plaintiff in error claim, is in excess of the authority of the court—that the court should have simply rendered a judgment requiring the county commissioners to allow this bill, and issue a warrant therefor. But we think this decision of the court is clearly within the authority vested in him by the statutes of this Territory. Section 201, of article 11, chapter 19, Wilson's Revised Statutes for Oklahoma, 1903, contains this provision:

"The district court may make a final judgment and cause the same to be executed or may send the same back to the board with an order how to proceed, and require said board of county commissioners to comply therewith by mandamus or attachment as for contempt."

Now it seems to us that no argument is necessary to establish the truth of the proposition that the language used in this statute, "to make final judgment and cause the same to be executed," is broad enough to authorize the making of any necessary legal orders to carry such judgment into effect. And under the plain terms of this statute, the court was not obliged to send the cases back to the commissioners, or require any further action on the part of the commissioners, or require the issuing of any warrant, by the commissioners, but had the right to render a final judgment, and make all necessary orders for the enforcement of that judgment. It is true, that by this statute the court had the alternative right to make an order, if he deemed it advisable, directing the county commissioners to take the necessary legal steps, but under the same statute, he had the power to render the judgment complained of.

Having examined the entire record, and finding no error therein, the judgment of the district court is affirmed, at the costs to the plaintiff in error.

Burford, C. J., who presided in the court below, not sitting; all the other Justices concurring.