## KINGFISHER COUNTY v. GRAHAM.

No. 4110.   Opinion Filed March 31, 1914.

(139 Pac. 1149.)

COUNTY ATTORNEYS—Authority in Actions—Action Against Delinquent Officer—Appeal—Authority of County Commissioners. An action cannot be commenced against a delinquent officer under section 1697, Comp. Laws 1909, except upon the order of the board of county commissioners, and an appeal cannot be taken by the county attorney from a judgment rendered against the county in such case without the consent and against the wishes of the board of county commissioners.

(Syllabus by the Court.)

*Error from District Court, Kingfisher County;*
*James W. Steen, Judge.*

Action by the County of Kingfisher against John M. Graham. Judgment for defendant, and plaintiff brings error. Dismissed.

*F. P. Whistler,* Co. Atty., *R. F. Shutler,* and *W. B. Blair,* for plaintiff in error.

*F. L. Boynton* and *Gray & McVay,* for defendant in error.

LOOFBOURROW, J. It appears from the record in this case that the defendant in error, John M. Graham, was, from the 10th day of January, 1903, up to November 16, 1907, judge of the probate court of Kingfisher county, territory of Oklahoma, and from and after the 16th day of November, 1907, up to the 9th day of January, 1911, county judge of Kingfisher county, state of Oklahoma. It further appears that the State Examiner and Inspector examined the records and accounts of said defendant in error as such probate and county judge, and reported to the board of county commissioners of said Kingfisher county, Okla., that the defendant in error had overdrawn and retained certain fees over and above his salary, and in excess of the amount which he was legally entitled to receive. The board of county commissioners of said Kingfisher county, at the request of the defendant in error, consented to and directed the county

attorney to bring suit in the district court against the defendant in error to recover said fees, with the understanding that the submission of such question to the district court would secure the opinion of the judge of such court on the merits of the case, and minimize the expense of litigation. The district court sustained a demurrer to the petition of the plaintiff in error, and the plaintiff in error elected to stand on such petition, and judgment was, on March 16, 1912, rendered in favor of the defendant in error, to which judgment the plaintiff in error excepted, and was allowed time in which to perfect its appeal to this court. Immediately after such judgment was rendered, the board of county commissioners decided that an appeal from such judgment would be a considerable expense, and without probable beneficial results, and the board declined to permit an appeal from such decision. Thereafter certain persons, styling themselves the Taxpayers' League, employed an attorney to assist the county attorney of Kingfisher county, Okla., and the private attorney prepared and served a case-made and petition in error in the Supreme Court, and the county attorney permitted the use of his name in his official capacity in maintaining said appeal. Said appeal was filed in the Supreme Court on June 20, 1912. On August 7, 1912, the board of county commissioners of Kingfisher county, in regular session, adopted certain resolutions setting forth the facts as herein stated, and further reciting that such appeal was taken without the direction or consent and in violation of the desire of the board, and that bills had been presented against the county not authorized nor contracted for by the board in the prosecution of such appeal, etc., and concluding as follows:

"* * * Therefore be it resolved, that we direct the immediate dismissal, as unauthorized, of the proceedings in error in the name of Kingfisher county against such officers; such cases being: County of Kingfisher v. John M. Graham. County of Kingfisher v. Dennis Downing. County of Kingfisher v. Geo. H. Woodworth. County of Kingfisher v. H. L. Miles. County of Kingfisher v. George L. Bowman. County of Kingfisher v. J. A. Lindsey. Adopted by the board at its regular session August 7, 1912.          "[Signed]    W. O. CUNNINGHAM, Chairman. "[Attest]    GEO. H. WOODWORTH, County Clerk.    [Seal.]"

The adoption of such resolution, and the fact that the board of county commissioners were opposed to appealing these cases, and that the appeals were perfected without the direction or consent and in violation of the desires of the board of county commissioners, is admitted by attorneys for the plaintiff in error; but plaintiff in error says the board of county commissioners later adopted the following resolution:

"Be it resolved by the board of county commissioners, that the county attorney be hereby instructed to proceed with the prosecution of the appeal of the following cases: Kingfisher County v. H. L. Miles. Kingfisher County v. Dennis Downing. Kingfisher County v. J. A. Lindsey. Kingfisher County v. Geo. H. Woodworth. Kingfisher County v. Jno. M. Graham. Kingfisher County v. Geo. L. Bowman—until said cases are finally determined in the Supreme Court. Dated at Kingfisher, Oklahoma, this 10th day of September, 1913.

"THE BOARD OF COUNTY COMMISSIONERS OF KINGFISHER COUNTY, STATE OF OKLAHOMA.

"By J. S. PATRICK, Chairman.
"Attest: WM. C. NEWER, Clerk. [Seal.]"

On August 20, 1912, the defendant in error moved to dismiss the appeal, assigning five different reasons why the appeal should be dismissed; but it is only necessary to consider one proposition in the disposition of this case, which is "that the appeal was not authorized by the board, but was taken against its desire by unauthorized persons and attorneys."

Section 1670, Comp. Laws 1909, provides:

"They [the board of county commissioners] shall have power to institute and prosecute civil actions in the name of the county, for and on behalf of the county."

Section 1695, Comp. Laws 1909 (section 1645, Rev. Laws 1910), requires all county officers to render their accounts to and settle with the county commissioners, etc.

Section 1697, Id. (section 1647, Rev. Laws 1910), provides:

"If any person thus chargeable shall neglect or refuse to render true accounts or settle as aforesaid, the county commissioners shall adjust the accounts of such delinquent according to the best information they can obtain, and ascertain the balance due the county, and order suit to be brought in the name of the county therefor; and such delinquent shall not be entitled to any

commission, and shall forfeit and pay to the county a penalty of twenty per cent. on the amount of funds due the county."

As to duties of county attorney, see section 1594, Comp. Laws 1909 (section 1554, Rev. Laws 1910):

"It shall be the duty of the county attorney of the several counties to appear in the district courts of their respective counties and prosecute and defend, on behalf of the state, or his county, all actions or proceedings, civil or criminal, in which the state or county is interested or a party. * * * "

Section 1596, *Id.* (section 1556, Rev. Laws 1910), provides:

"The county attorney shall without fee, give opinion and advice to the board of county commissioners and other civil officers, of their respective counties, when requested by such board or officers, upon all matters in which the county is interested, or relating to the duties of such board or officers in which the state or county may have interest."

It will be observed from the above statutes that the power to institute and prosecute actions in the name of the county is vested in the board of county commissioners, and, in an action against a delinquent officer, section 1697 is a special statute, and specifically provides that suit shall be brought on the order of the board of county commissioners, and necessarily excludes any implied power on the part of any other officer to bring or maintain an action of this character. Sections 1659, 1671, and 1673, Comp. Laws 1909 (sections 1631, 1600, 1602, and 1606, Rev. Laws 1910), outline the general powers and duties of the board of county commissioners.

In the case of *Kerby v. Clay County*, 71 Kan. 683, 81 Pac. 503, and in a similar case, the Supreme Court of the state of Kansas said, in part:

"Assuming, without deciding, that the extra fees paid were unauthorized, the court is of the opinion that the county attorney had no authority to bring and conduct the action without the concurrence or consent of the board of county commissioners. The allowance of fees and claims, as well as the management and control of all the business and financial affairs of a county, are confided to the board of county commissioners. It is the executive branch of the county government, and the representative and guardian of the county as to all its corporate affairs. Among other things, the statute provides: 'The board

of county commissioners of each county shall have the power:
* * *  Second, to examine and settle all accounts of the re-
ceipts and expenses of the county, and to examine and settle and
allow all accounts chargeable against the county; and when so
settled, they may issue county orders therefor, as provided by
law.  * * *  Fifth, to represent the county and have the care
of the county property, and the management of the business and
concerns of the county, in all cases where no other provision is
made by law.'  Gen. Stat. 1901, sec. 1621.  These powers, so
broadly given, repose the responsibility and control of county
affairs in the board, and they must be assumed and exercised by
that tribunal, unless specifically conferred upon other officers.
This authority is nowhere divided with the county attorney.  On
the other hand, he is made the legal adviser of the board, and is
required to give opinions and advice to the board upon its re-
quest on all matters in which the county is interested.  Gen. Stat.
1901, sec. 1779.  A section of the statute invoked as authority
for the action of the county attorney reads:  'It shall be the
duty of the county attorneys to appear in the several courts of
their respective counties, and prosecute or defend on behalf of
the people all suits, applications or motions, civil or criminal, aris-
ing under the laws of this state, in which the state or their
county is a party or interested.'  Gen. Stat. 1901, sec. 1777.  As
will be observed, this provision does not expressly transfer the
control of the business or finances of the county to the county
attorney.  He is not empowered to determine what claims shall
be allowed or disallowed, nor whether costs shall be incurred in
litigation as to a purely business matter of the county.  As was
said in *Waters v. Garvin*, 67 Kan. 855, 73 Pac. 902, 'the board
of county commissioners of each county has charge of all litiga-
tion in which the interests of the county are involved.'  The
quoted statute makes it the duty of the county attorney to appear
in the courts of his county and prosecute or defend all proceed-
ings in which the county is interested.  This gives him authority
to act as the attorney for the board in county affairs; but it is
evident that the Legislature did not, in this indirect, blind way,
intend to withdraw the management and control of the business
of the county, which had been expressly conferred upon the
board, and vest it in the legal adviser of the board.  If so, every
claim allowed and paid by the board might be reopened and
contested at the instance of a county attorney by merely asserting
that they were not authorized by law."

See, also, *Looscan v. County*, 58 Tex. 511; *State v. Zum-
stein*, 4 Ohio Cir. Ct. R. 268; *State v. Cappeller*, 8 Ohio Dec.

546; *County v. Clay*, 119 Cal. 213, 51 Pac. 189. The latter case also holds that "a motion to dismiss an action brought by the district attorney is proper procedure, when the action is brought by him without authority."

This court, as well as the Supreme Court of Kansas, has repeatedly held that an appeal to the Supreme Court is a separate proceeding. To review the action of the trial court, a petition in error, with a certified transcript, original case-made, or certified copy thereof attached, must be filed; also a summons in error must be issued by the Clerk of the Supreme Court and served, unless such issuance and service is waived. See *Gwinnup et al. v. Griffins et al.*, 26 Okla. 868, 113 Pac. 909. It therefore follows that the county attorney was without power to commence or prosecute the appeal without the authority and consent of the board of county commissioners.

Attorneys for plaintiff in error contend that, since the appeal was perfected in this court, although without the consent of the board of county commissioners, the act of the board of county commissioners of September 10, 1913, instructing the county attorney to proceed with the prosecution of this appeal, amounts to a ratification of the act of the county attorney in perfecting the appeal, and that he is therefore properly in court, and that this court should proceed with said case the same as if the appeal had been duly authorized at the time it was perfected. If this order of the board directing the county attorney to proceed with the prosecution of the appeal had been made within the time, and before the expiration of the time, allowed by law for the perfection of such appeal, then there might be some merit in the contention of counsel; but, the time having run in which an appeal could be perfected before the order of the board was made authorizing the county attorney to appeal and prosecute the same, the effect of such order made September 10, 1913, cannot give force and life to an act of the county attorney which was unauthorized and void.

We have carefully examined the briefs and authorities cited by counsel for plaintiff in error on the proposition of the right of the county attorney to appeal without authority from the

board. *Logan County v. State Capital Co.,* 16 Okla. 625, 86 Pac. 518. In that case the board of county commissioners passed certain resolutions whereby directions were given to the county attorney to set up certain defenses, and to take certain legal steps to make a certain matter of defense in the case, and the county attorney tried the case upon a different theory than that suggested by the board of county commissioners. After judgment was rendered against the county, the district court was then asked to grant a new trial, for the reason that the county attorney had ignored the suggestions of the county commissioners as to the theory upon which the case should be tried; and Justice Irwin, in the opinion, said:

"Now, we take it that, under the statutes of this territory, the county attorney, by express statute, is made the legal agent of the county in the management and conducting of all litigation in the district court, both civil and criminal, in which the county is a party, and it is a principle of law, well understood by all lawyers, and generally recognized by all courts, that a party litigant is bound by the action of his attorney within the scope of his authority, and no different rule would obtain where the county is a party than where an individual is a party."

Discussing section 1289, Wilson's Revised Statutes (section 1594, Comp. Laws 1909; section 1554, Rev. Laws 1910):

"Now, this statute, in express terms, constitutes the county attorneys of the various counties the legal representatives and agents of the county in all matters in litigation wherein the county is a party. And in managing and conducting such litigation he is under no legal obligations to receive orders or directions from the board of county commissioners in the management or conduct of such litigation. * * *"

*Clough et al. v. Hart,* 8 Kan. 494, cited by counsel for plaintiff in error, also holds that the county commissioners have no right to interfere with the management or conduct of such litigation, but does not hold that the county attorney had the right to commence a case or proceeding.

*Clark v. Lyon County,* 37 Iowa, 469, cited by counsel for plaintiff in error, is a case in which the board of county commissioners employed attorneys to take charge and try a case in

which the county was a party, and excluded the district attorney from appearing or participating in the trial; and the Supreme Court held:

"It is the right, as well as the duty, of the district attorney to appear for any county in his district, in any and all actions pending in the district court in which such county is a party or interested, and. that an order of the district court refusing him the right to appear and defend in an action pending against the county is erroneous. * * * "

But the court, in its opinion, at page 473, says:

"We do not hold that, if the district attorney had been allowed to appear and defend in the court below, and had been unsuccessful, he could, of his own motion, and against the wishes and in opposition to the judgment of the board of supervisors, appeal the cause to this court, and protract the litigation."

In *Mahaffey v. Territory,* 11 Okla. 213, 66 Pac. 342, cited by plaintiff in error, the court held that it is the duty of the county attorney to appear in the district court of his county in cases in which the county or territory is a party, and, where the trial judge sought to supersede him by appointing an attorney as assistant to the county attorney to conduct the prosecution, the Supreme Court held that the trial court had no such authority.

*Board of County Commissioners v. Bassett,* 14 Idaho, 126, 23 Pac. 774, cited in the brief of plaintiff in error. The board, in that case, declined to issue Bassett a liquor license. He appealed to the district court. The district court reversed the order of the board of county commissioners, and, from that judgment, the county attorney appealed to the Supreme Court. The defendant in error moved to dismiss the appeal for the following reasons:

"(1) That the appeal was not taken upon the authority or order of the board of county commissioners, but upon the voluntary action of the county attorney. (2) That the appeal was not legally taken, for the reason that it was not taken by the Attorney General of the state. (3) That the judgment and order have been fully executed and complied with and satisfied by the said board of county commissioners."

It is true that the Supreme Court of Idaho, in passing upon this motion, used the following language:

"There is nothing whatever in the first two contentions, for the reason that it is made the duty of the prosecuting attorney * * * to prosecute or defend all actions, * * * in the district court of the county in which the people of the state or the county is interested or a party."

But we do not feel that the Idaho case should control the case at bar in the face of cases heretofore cited against the Idaho construction, and for the further and more potent reason that in the Idaho case the appeal was in fact dismissed upon the third ground in the motion; and the court said:

"The statute gives the board of commissioners the right to direct the litigation, and, if that board sees fit to compromise or settle the case pending against the county, they have the right to settle or direct the case to be dismissed; and it appears from the record in this case that the board of county commissioners complied with the order and judgment of the district court without consulting the county attorney, which they had the legal right to do. As the case has been fully settled, no beneficial results can come from a determination of the issues made on this appeal."

This is exactly what the board of county commissioners of Kingfisher county did in this case. Their resolution directs the dismissal of the appeal. So, applying the opinion in its most favorable light for the plaintiff in error, it is still against him.

The Oklahoma Legislature has constituted the board of county commissioners the general agents of the county. They have general supervision and control of county affairs. The sole and exclusive power to commence a suit against a delinquent officer under section 1697, Comp. Laws 1909 (section 1647, Rev. Laws 1910), is vested in the board of county commissioners. They superintend the fiscal concerns, and secure the management thereof in the best manner possible for the county, according to their judgment and discretion. How well or how poorly they exercise such judgment and discretion is a matter for them and the people of the county to decide. If they transgress the law and act corruptly, different proceedings in the name of the state may be maintained against them. In this case, whether or not an appeal should be taken from the judgment of the district court

was a business proposition for Kingfisher county, which called for the exercise of the judgment and discretion of the board of county commissioners thereon. The commissioners decided that the best interests of the county and taxpayers would be served by not appealing the case. Their judgment is final. The county attorney had no right to appeal the case, nor to permit others to do so, without the concurrence and consent of the board of county commissioners.

The appeal is, therefore, dismissed.

All the Justices concur.