BOARD OF COM'RS. OF MUSKOGEE COUNTY, et al. v. FINK, et al.

No. 5481.   Opinion Filed December 22, 1914.

(145 Pac. 413.)

1.  **DISTRICT AND PROSECUTING ATTORNEYS—Parties—Presumption of Authority.** Where an appeal is lodged in this court in which a board of county commissioners are plaintiffs in error, the county attorney appearing as their counsel, such attorney, being the county attorney and an officer of the court, will be presumed to have authority to perfect and prosecute the appeal in the absence of an affirmative showing to the contrary by the board of county commissioners.

2.    SAME—It is not essential that the board of county commissioners enter upon their records or minutes an order directing or approving an appeal by their county attorney, and the fact that the records of the board are silent on the proposition does not raise the presumption that such appeal was not authorized or consented to by them.

3.    SAME—"Affirmative Showing." An "affirmative showing," within the rule that a county attorney appealing on behalf of the board of county commissioners will be presumed to have authority to do so in the absence of an affirmative showing means an affirmative showing by the party whom the attorney represents, and does not mean that the adverse party may challenge the attorney's right except when the records of the appellants or the appellants themselves indicate affirmatively that they do not desire to appeal.

(Syllabus by the Court.)

*Error from District Court, Muskogee County;*
*R. P. de Graffenried, Judge.*

Action between the Board of County Commissioners of Muskogee County and others and D. N. Fink and others. From the judgment, the parties first mentioned bring error, and the adverse parties move to dismiss. Motion overruled.

*Chas. West,* Atty. Gen., *Smith C. Matson,* Asst. Atty. Gen., and *W. E. Disney,* Co. Atty., for plaintiffs in error.

*W. O. Cromwell* and *Franklin & Carey,* for defendants in error.

LOOFBOURROW, J.    Defendant in error moves to dismiss this appeal; one of the grounds being that the case-made does not affirmatively show that the county attorney of Muskogee county had no authority to prosecute the appeal. Attached to the motion is a certificate of the county clerk to the effect that the minutes and records of the board of county commissioners do not show that they authorized the appeal.

Counsel cite *Kingfisher Co. v. Graham,* 40 Okla. 571, 139 Pac. 1149, and *Sequoyah Co. v. Helms,* 40 Okla. 565, 139 Pac.

958, in support of the proposition. In each of the above cases the board of county commissioners specifically directed a dismissal of the appeal, and this court held that under such circumstances the county attorney was without authority to maintain and prosecute the appeal. But in the case at bar the record does not disclose the attitude of the board of county commissioners. The county attorney, under the law, must appear for them, and is presumed to be acting within the scope of his authority. It is not necessary, in any case where the county appeals, that the board of county commissioners enter upon their minutes an order directing the county attorney to perfect and prosecute the appeal, and the absence of such an order does not give rise to the presumption that the board are opposed to or have not consented to such appeal; but the presumption is that the county attorney is acting within the scope of his authority. See *Leedy v. Brown, Judge*, 27 Okla. 494, 113 Pac. 177, wherein it is held:

"When an action is commenced in the district court in the name of the state by the Attorney General, in the absence of an affirmative showing to the contrary, he is presumed to have brought such action after having been requested by the Governor or one of the branches of the Legislature."

The "affirmative showing" referred to means "an affirmative showing by the party whom the attorney represents." As in the Graham and Helms cases *supra*, it does not mean that the adverse party may challenge the right of the attorney appealing except when the records of the appellants or appellants themselves indicate affirmatively that they do not desire to appeal.

In *San Luis Obispo v. Hendricks*, 71 Cal. 246, 11 Pac. 682, an ordinance provided that "the tax collector may direct suit," etc. The suit being instituted by the district attorney of the county, it was contended that the complaint should have averred that the tax collector had directed that the suit be brought, and,

not having done so, the demurrer should have been sustained. The court said:

"The objection goes, not to the absence of any fact constituting the cause of action, but rather to the authority to bring the suit for want of an authorization from the tax collector. The action is instituted by the district attorney of the county—an attorney at law and an officer of the court. It was not necessary to state in the complaint that he was directed to bring the action. An attorney at law is presumed to be authorized by the proper party to institute the actions he brings, until the contrary is made to appear."

In *State v. Welbes,* 11 S. D. 86, 75 N. W. 821, the Attorney General, on behalf of the state, brought an action on the official bond of the county treasurer to recover taxes collected by him. It was held that it would be presumed that the Attorney General was requested to prosecute the action.

It is unusual for this court to write an opinion where a motion to dismiss an appeal is overruled; but, in view of the fact that the county commissioners and other officers so frequently appeal, we deem it advisable to settle this question so that there could be no misunderstanding among the profession and litigants as to the law on the proposition involved.

The motion to dismiss the appeal is overruled.

All the Justices concur.