Note.—See under (1) 39 C. J. pp. 780, 783, § 981; p. 784 § 982; p. 786 § 986; p. 789 § 987; anno. 49 L. R. A. 50; 18 R. C. L. p. 684; 3 R. C. L. Supp. p. 842; 4 R. C. L. Supp. 1200; 5 R. C. L. Supp. p. 998; 40 L. R. A. 782; 18 R. C. L. pp. 696, 697; 3 R. C. L. Supp. p. 843; 5 R. C. L. Supp. 999. (2) 39 C. J. p. 1179 § 1361. (3) 17 C. J. p. 1353 § 239; p. 1354 § 240; 8 R. C. L. pp. 863-865; 2 R. C. L. Supp. p. 668; 5 R. C. L. Supp. p. 487.

---

**CHICAGO, R. I. & P. RY. CO. v. OKLAHOMA STATE BANK et al.**

No. 16043—Opinion Filed Feb. 9, 1926.

Rehearing Denied June 8, 1926.

1. Townships — Effect of Act Abolishing Township Government—Powers Devolving Upon Board of County Commissioners.

Article 2 of chapter 88, Compiled Statutes of Oklahoma 1921, which abolished the township form of government in certain counties, in effect, constituted the board of county commissioners of such counties as trustees for the administration of township government. The act of the Legislature did not destroy the corporate entity of the townships.

2. Judgment—Collateral Attack—Errors of Law not Shown on Face of Judgment Roll.

Errors of law committed by a court of general jurisdiction in the course of the exercising of jurisdiction over a subject-matter submitted to the court by the Constitution, or statutes, are not reflected in the face of the judgment roll. Such errors of law will not subject the judgment to collateral attack, in the absence of allegations of facts showing fraud, mistake, or accident.

**3. Judgment Sustained.**

Record examined; held, to be sufficient to support judgment.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Atoka County; J. H. Linebaugh, Judge.

Action by the Chicago, Rock Island & Pacific Railway Company to set aside a judgment rendered in favor of the Oklahoma State Bank of Atoka, against the Board of County Commissioners of Atoka County. Judgment modified upon hearing, and application to set aside judgment denied. The Railway Company appealed from the ruling on the motion. Affirmed.

A. T. Boys, W. R. Bleakmore, J. Barry, and W. F. Collins, for plaintiff in error.

J. B. Maxey, for defendants in error.

Opinion by STEPHENSON, C. The Oklahoma State Bank of Atoka, for itself and as trustee, commenced its action in the district court of Atoka county, against the board of county commissioners of Atoka county, for the recovery of debt on account, against the county and several townships thereof. Petition was filed by the plaintiff on June 26, 1923. Summons was issued, served on the county clerk, returned, and filed in the cause prior to June 30, 1923. The plaintiff filed in the cause on June 30th, what it termed a supplemental petition. Such pleading referred to the original petition, and adopted all the allegations of the original petition as a part of the new pleading. The new pleading, in addition thereto, alleged that other indebtedness was due the plaintiff from the county and townships. The allegations of the petition showed that the indebtedness existed in favor of the plaintiff and against the defendants at the time the original petition was filed in the cause. The county attorney filed an instrument styled "Waiver of service of summons on the supplemental petition", and entered the appearance of the board of county commissioners as to the supplemental petition. Thereupon the county attorney filed a general denial for the defendants, and the cause proceeded to trial on June 30, 1923. The trial of the cause resulted in a judgment in favor of the plaintiff and against the defendants for the amount sued for. The petition was styled the "Oklahoma State Bank of Atoka, and the Oklahoma State Bank of Atoka, as Trustee, against the Board of County Commissioners of Atoka County."

The plaintiff attached a statement to its petition showing the indebtedness in num-erous items, and the dates upon which the several items were incurred. The plaintiff further alleged the filing of claims for such indebtedness and disallowance by the defendants. Copies of the claims were not attached to the petition. The petition further alleged that the several items constituting the indebtedness were contracted for within the estimated needs of the county and several townships. The allegations of the petition specifically set forth the indebtedness incurred by the county, and the items of indebtedness incurred against the several townships, in separate items. The plaintiff prayed for judgment against the county for the indebtedness incurred by the county, and against the several townships for the indebtedness owing by the townships. The judgment was entered against the defendants accordingly. No motion for new trial was filed in the cause within three days after the rendition of the judgment.

Thereafter, the Chicago, Rock Island & Pacific Railway Company filed its application in the cause on October 30, 1923, to set aside the judgment. A general denial was filed to the application by the Oklahoma State Bank of Atoka. The court referred the cause to the Hon. J. W. Clark, as referee, to make findings of fact. The referee took evidence, made his findings of fact, and filed the same in the cause. Exceptions were filed to the report, which were overruled. The report of the referee designated several accounts for which estimated needs had been made, showed the amount of warrants issued against the account, and the indebtedness incurred against the account in excess of the estimated needs. The referee showed in his report the sum total of the indebtedness incurred in excess of the estimated needs. The report does not show which particular indebtedness, as alleged by the petition, was the indebtedness which was contracted after the estimate was exhausted. The report of the referee shows that the cause was re-examined upon its merits without objection by any of the parties to the action. The court made its conclusions of law, and modified the judgment so as to exclude a number of items as covered by the judgment, and then overruled the application of the railway company to set aside the judgment. The judgment as modified upon the referee's report then became the judgment of the court in the trial of the cause, as between and among the parties.

We are not able to determine from a description of the items set forth in the modified judgment, what items the same referred

to in the petition. The same is true as applied to the referee's report. The carrier gave notice of appeal from the ruling of the court upon the hearing to set aside the judgment, and perfected its appeal by case-made. The case-made does not include a transcript of the evidence, or a copy of the exceptions filed in the referee's report. Only the pleadings in the original action, the pleadings to set aside the judgment, and the answer of the plaintiff, the referee's report, the judgment in the first trial, and judgment on the referee's report, are included in the case-made.

The railway company assigns the following errors for reversal of the cause: (1) That the court did not have jurisdiction of the subject-matter. (2) That the judgment is void. (3) That the indebtedness sued for was contracted in excess of the estimates for the current year

The carrier submits the following propositions as showing that the court did not have jurisdiction to try the cause: (1) That the townships were not parties defendant and were not served with summons. (2) That a summons was required to be issued and served on the county clerk upon the supplemental petition. (3) That the court was without authority to try the cause after the service of summons on the original petition, until after a meeting of the board of county commissioners, so that the board might give directions to the county attorney. (4) That the county attorney was without authority to waive the issuance of summons on the supplemental petition and enter the appearance of the board of county commissioners.

The cause appears to have been tried below upon its merits on the application to set aside the judgment. The defendants in error do not question the sufficiency of the allegations contained in the application, to support a collateral attack upon the judgment. Therefore, we will not consider this question and will examine the appeal upon its merits.

Article 2 of chapter 88, C. O. S. 1921, abolished township form of government in several counties. The act abolished the several offices then created and existing for the administration of the governmental affairs of townships. The management of the government affairs of the townships was conferred upon the board of county commissioners of the county. The board was authorized to contract for the townships and to authorize the payment of the legal indebtedness incurred against the townships.

Certain duties were imposed by the act in relation to township government upon the county clerk and county treasurer, not material to consider here. The act does not purport to destroy the corporate entity of the townships. Therefore, the county commissioners would be required under the act to administer and conduct the governmental affairs of the townships in its corporate name. Consequently, any actions for the recovery of indebtedness due from townships should be maintained against the townships. The imposition of the several governmental duties in relation to township government upon the county commissioners, had the effect of constituting the board of county commissioners of the county, as trustee for such townships in the administration of their governmental affairs.

The style of the petition designated the board of county commissioners as defendant, the allegations of the petition showed the indebtedness owing by the townships to the plaintiff, prayed judgment against the townships in favor of the plaintiff, and judgment was entered against the townships for the indebtedness recovered. It was proper to join the board of county commissioners in the action against the townships, for the reason that the status of the board in relation to the townships was that of trustee. The county commissioners were the only authorized officers under the statutes to look after the governmental affairs and business interest of the county in relation to contracting and authorizing the payment of indebtedness affecting the townships. The county clerk is the officer designated by statutes, upon whom service of summons should be made in actions against the board of county commissioners. Summons was issued and served upon the county clerk upon the original petition which sought judgment against the county and the several townships.

The subsequent pleading filed by the plaintiff and designated as a supplemental petition was an amended petition. The name which the pleader may give to a pleading does not prevail over the substance of the petition, and operate to fix the status of the pleading, without regard to its substance. The second pleading first makes all material parts of the original petition a part of the supplemental petition by reference, and then proceeds to set forth and describe an indebtedness which existed at the time the original petition was filed in the cause. The plaintiff sought recovery for the additional indebtedness, along with the indebtedness described in the original petition. The new

pleading was an amended petition, notwithstanding the name given to it by the plaintiff. The Bank of Chadron v. Anderson (Wyo.) 48 Pac. 200. The plaintiff is not required to cause a summons to be issued out of a cause upon an amended petition, as was filed in this action.

Section 5741, C. O. S. 1921, requires the county attorney to appear in the district, superior, and county court to prosecute and defend actions upon behalf of the state or county, in all proceedings either civil or criminal in which the state or county is interested.

Section 5657, C. O. S. 1921, requires that in all legal proceedings against the county, process should be served upon the county clerk, as the clerk to the board of county commissioners. It is then made the duty of the county clerk by the section, to notify the county attorney of the action and lay before the county commissioners at its next meeting all the information he may have in regard to the suit.

It is the contention of the plaintiff in error that the county attorney is not authorized to proceed with the defense of the county in an action, or proceed to the trial of the action, until the county clerk has submitted to the board of county commissioners information about the suit, at its first board meeting, after summons is served. The sections of the statutes called to our attention do not warrant such construction.

The statutes do not appear to make any distinction between the status of the county attorney as the legal representative of the county or state, in such suits as he is authorized to appear in, and that of a legal representative of any individual in the trial of a law action, for whom the attorney is authorized to appear. Board of Co. Com'rs. Logan County, v. State Capital Co., 16 Okla. 625, 86 Pac. 518.

The service of summons on the county clerk was sufficient to make the judgments against the townships binding, as service of summons was had on their trustee, who was a party to the action.

The questions submitted by the appellant in respect to what it terms the jurisdiction of the court over the subject-matter are not well founded.

The appellant makes the point that the judgment appealed from is void for the reason that the indebtedness sued for was contracted in excess of the estimates for current needs of the county and townships. It is sufficient to say as to this question, that

this is a mixed question of law and fact. Therefore, as the evidence is not made a part of the case-made, and the proceedings embodied in the case-made do not enable us to determine whether the statments are true, we are thereby prevented from passing on this question. The proceedings embodied in the case-made, as referred to herein, do not sufficiently identify the items involved in this action, to enable us to determine the last question made by the appellants.

The judgment is affirmed.

By the Court: It is so ordered.