**BOARD OF COUNTY COMMISSIONERS OF TULSA COUNTY, Oklahoma, Plaintiff in Error,**

v.

**Irene MORGAN, Herman Morgan, and C. W. Bailey, Defendants in Error.**

No. 37866.

Supreme Court of Oklahoma.

April 8, 1958.

J. Howard Edmondson, County Attorney, Tulsa County, Donald D. Cameron, Asst. Co. Atty., Tulsa, for plaintiff in error.

Ernest E. Clulow, Jr., Tulsa, for defendants in error.

DAVISON, Justice.

This is an action in condemnation under the power of eminent domain brought by the plaintiff, Board of County Commissioners of Tulsa County, against the defendants, Irene Morgan, Herman Morgan and C. W. Bailey. The parties will be referred to in the same order in which they appeared in the trial court.

In 1953, the defendants were the joint owners of a tract of land outside the limits of the City of Tulsa, Oklahoma, which comprised a block of thirteen lots in a platted subdivision designated as Plainview Heights Addition. Across ten of said lots, the plaintiff sought to obtain a right-of-way for a state highway. This action was filed by the County Attorney at the direction of said Board. The defendants claimed damages to the additional three lots, no part of which was actually taken but which were part of the platted tract. The judgment of the trial court was to the effect that the defendants were entitled to damage for the lots taken in whole or in part and to damages to those lots which were reduced in value but not occupied. Commissioners were appointed and they fixed the amount of damage at $13,660.48. Within the time provided the County Attorney, on behalf of plaintiff, filed a demand for jury trial and the amount of the commissioners' award was paid into court. Several days before the case was set for trial in the latter part of 1956, the County Attorney filed a Withdrawal of Demand for Jury on behalf of the plaintiff. Defendants filed a motion seeking dismissal of said withdrawal and the board adopted a resolution requesting the court to dismiss or strike said withdrawal from the files. The motion was sustained by the trial court and, on March 4 and 5, 1957, the case was tried, resulting in a verdict and judgment fixing the amount of defendants' recovery at $22,045.84. From that judgment this appeal was perfected.

Two propositions are here presented as grounds for reversal. One is that the board of county commissioners had no authority to seek dismissal of the county attorney's motion to withdraw demand for jury trial. The other is that defendants' property was not a single tract but, rather, was a group of individual lots and that therefore no award could be made for damages to any lot unless a part thereof was actually taken. There is another fact which should probably be mentioned at this point, although we see little legal significance to it because there is no indication of fraudulent conduct on the part of any of the parties. Such fact is that the defendants Morgan were the daughter and son-in-law of the defendant, Bailey, who was a member of the board of county commissioners from the time of the inception of the case through the time of the order of the trial court striking the county attorney's withdrawal of demand for jury. He was not such officer at the time of the trial. The defendants insist that, because of such relationship, they were particularly interested in having a full public hearing and a determination of the amount of the award by a trial jury.

By the provisions of 19 O.S.1951 § 3, the board of county commissioners is made the managing board of the county and, by § 183 of the same Title, the county attorney is authorized and directed to represent the county in all litigation. It has been necessary for this court, on several occasions, to point out the line of demarcation between the authority of each. In the early case of Board of Com'rs of Logan County v. State Capital Co., 16 Okl. 625, 86 P. 518, quoted and relied upon by the plaintiff herein, the territorial court held that the statute (sec. 183, supra) authorized the county attorney "to appear for, and consti-

tutes him the legal agent of the county in all litigation pending in the district court where the county is a party, and, in managing and conducting such litigation, he is under no legal obligations to take the orders or directions of the board of county commissioners in relation to such litigation, or the management thereof, and his acts in relation to the same are binding on the county within the scope of his authority as such agent."

Also the county attorney need not await a meeting of the board in order to proceed with the defense of an action brought against the county. Chicago, R. I. & P. Ry. Co. v. Oklahoma State Bank of Atoka, 118 Okl. 129, 247 P. 31. And, in the absence of a contrary showing, a county attorney is presumed to be acting within his authority and with the consent of the board of county commissioners in prosecuting an appeal from an adverse judgment. Oklahoma County v. Queen City Lodge No. 197, I.O.O.F., 195 Okl. 131, 156 P.2d 340; Board of Co. Com'rs Muskogee County v. Fink, 45 Okl. 121, 145 P. 413. "But the board of county commissioners of each county, being the general guardians of the financial interest of the county, has the control of all litigation in which the interests of the county are involved. Kerby v. Board of Commissioners of Clay County, 71 Kan. 683, 81 P. 503." Rice v. Swartz, 90 Okl. 16, 215 P. 605, 606, followed and approved in Oklahoma County v. Queen City Lodge, supra. The conclusion to be reached from the expressions in the cited cases is that the county attorney and the board stand in the same position as that of attorney and client generally. The board has the authority to determine when or how far to proceed and the county attorney has the authority to determine what legal steps and method to follow in such procedure. Neither has the authority to invade the province of the other. In the case under consideration, the decision of the board to complete the appeal by having a jury trial could not be nullified by the county attorney. By the same token, the responsibility for the decision being good or bad business judgment was on the shoulders of the board alone.

The other proposition presented by the plaintiff is that the defendants could not recover for any damage to lots which were not taken in whole or in part for the right of way. It has heretofore been held by this court that, although separate tracts of land are involved no part of same of which is taken, the landowner is entitled to recover for the land actually taken and also for damages to the remainder, if the separate parcels are owned and operated as a single unit. Grand River Dam Authority v. Gray, 192 Okl. 547, 138 P.2d 100; Oklahoma Turnpike Authority v. Williams, 208 Okl. 577, 257 P.2d 1052. In the case under consideration, the various lots were contiguous and constituted one unit even though platted. There is nothing to indicate otherwise. They constituted a segment of a real estate development project and the defendants were entitled to an award for all damage the three lots suffered by them including the reduced market value of lots not actually taken or occupied.

Judgment affirmed.