Territory of Oklahoma, *on the relation of* Chas. M. Thacker, *County Attorney in and for Greer County, Oklahoma,* v. James P. Sellers, W. B. Henry and G. E. Border.

(Filed September 6, 1905.)

OFFICIAL ACTS—Presumption—Bail Bond. The official acts of a public officer are presumed to be regular, and within the scope of his powers; and an appearance bond approved by a sheriff on the same day as it was taken by the deputy clerk of the district court, is presumed to have been taken, accepted, and approved by the sheriff before the prisoner was released, and therefore valid.

(Syllabus by the Court.)

*Error from the   Probate Court of   Greer County;   before T. P. Clay, Trial Judge.*

*Chas. M. Thacker, County Attorney,* for plaintiff in error.

*Garrett, Garrett & Wells,* for defendant in error.

Opinion of the court by

Hainer, J.: This was an action commenced in the probate court of Greer county, by the county attorney, in the name of the Territory, and against the defendants in error, on a written instrument purporting to be an appearance or bail bond. The bond in this case, a copy of which is attached to and made a part of the plaintiff's petition, shows that it was taken, subscribed, and acknowledged before the deputy clerk of the district court, and was, on the same day, approved by J. B. Overton, sheriff.

It is contended by the plaintiff in error that this bond is valid, for the reason that it was approved by the sheriff, and hence that the trial court erred in sustaining the de-

murrer to the petition. The law is well settled that, in the absence of proof it will be presumed that the official acts of a public officer were regular, and that the officer acted within the scope of his powers. In this case, the bond shows that it was approved by the sheriff on the same day that it was taken by the deputy clerk. Hence we think it would be presumed that the sheriff accepted and approved the bond before the prisoner was released, and this would satisfy the requirements of the statute. It is true, however, that if the approval of the bond by the sheriff was after the release of the prisoner, the requirements of the statute would not be satisfied, and the bond would be a nullity, and the case would come within the doctrine announced by the supreme courts of Kansas and Missouri in the cases or *Morrow v. State,* 5 Kan. 563 and *State v. Caldwell.* 124 Mo. 509, 28 S. W. 4. But in the absence of proof all the allegations of the petition must be taken as true, as against a general demurrer, and hence we are of the opinion that the petition stated facts sufficient to constitute a cause of action, and that it was error to sustain a demurrer thereto.

The judgment of the court below is therefore reversed and remanded, with directions to overrule the demurrer to the petition.

All the Justices concurring.