## LEEDY v. BROWN, *Judge, et al.*

No. 1855.     Opinion Filed November 16, 1910.

1.   STATUTES—Sufficiency of Title—Constitutional Law—Removal of Officers.   (a) Same as paragraph 1 of syllabus in **State ex rel. Caldwell v. Hooker, County Judge,** 22 Okla. 712, 98 Pac. 964.

(b)   That part of sec. 23, art. 3 of the Enforcing Act (Sess. Laws 1907-8, p. 611) providing for the removal of sheriffs, constables, marshals and police officers, and all county and city attorneys for failure to enforce the provisions of said act is referable and cognate to the subject expressed in its title, going to make up a complete enactment or resulting as a complement of the main thought therein contained.

(c)   Same as paragraph 3 of the syllabus in **State ex rel. v. Brown, Judge,** 24 Okla. 433, 103 Pac. 762.

(d)   Section 23 of art. 3 of the Enforcing Act, providing that the judge of the district court wherein such cause is pending may suspend such officer from his office during the pendency of such action, is not in conflict with sec. 1, art. 4 of the Constitution.

2.   PROHIBITION—When Writ Lies—To Prevent Removal From Office.   The district court having made an order setting the hearing of the application for the removal of plaintiff from office at a certain time and place on ex parte affidavits, summons having been served on said plaintiff, who was present in person and by counsel when said order was made, no objection then being made as to the time and place and the manner of such hearing on ex parte affidavits, a writ of prohibition will not, under such circumstances, if at all, be awarded.

3.   ACCUSATION—Removal of Officers—Grand Jury—Officers—Authority.   The appearance of the "Counsel to the Governor" or his assistant before the grand jury, assuming the act authorizing his appointment to be void, does not render void the recommendation or accusation made by said grand jury, under sec. 23 of art. 3 of the Enforcing Act, for the removal of plaintiff from office.

(b)   When an action is commenced in the district court in the name of the state by the Attorney General, in the absence of an affirmative showing to the contrary, he is presumed to have brought such action after having been requested by the Governor or one of the branches of the Legislature.

(Syllabus by the Court.)

*Original Proceeding for Writ of Prohibition.*

Application by C. B. Leedy for writ of prohibition against G. A. Brown, as judge of the district court, and others. Writ denied.

*A. M. Appleget* and *Charles Swindall,* for plaintiff.
*Fred S. Caldwell,* for defendants.

WILLIAMS, J.   Counsel for plaintiff insist that the writ should issue for the following reasons:

(1)   That the Enforcing Act (Sess. Laws 1907-08, pp. 594-614) is unconstitutional and void for the reason (a) that more than one subject is expressed in the title, and therefore violative of sec. 57, art. 5; (b) that sec. 23, art. 3, of said act, providing the procedure for the removal of certain officers, including county attorneys, for failure to enforce the provisions of said act, is not within the subject expressed in the title, and therefore violative of the same section; (c) that said section is a special act, and therefore repugnant to sec. 59, art. 5, and that sec. 23, art. 3, of said act violates sec. 1, art. 4, of the Constitution.

(2)   That no notice in writing of the time and place for hearing said action has ever been served on plaintiff, and that the order of the court setting said motion for hearing at Mangum, Oklahoma, about 300 miles distant from plaintiff's place of residence by the usually traveled route, and directing that said motion should be heard upon *ex parte* affidavits without requiring same to be served upon plaintiff or his counsel, is such an abuse of judicial discretion, when there is no adequate remedy by appeal, as to justify this court in staying the hand of said judge by writ of prohibition.

(3)   That the accusation upon which the motion is based to suspend said plaintiff from office is void in that J. M. Hayes, assistant, and Fred S. Caldwell, counsel for the Governor of the State, under the provisions of said sec. 24, of art. 3, of said Enforcing Act, appeared before the grand jury preliminary to the returning of said accusation.

1(a)   It has been settled, not only by this court but also by the Criminal Court of Appeals, that the title of said act is not repugnant to sec. 57, art. 5, as containing more than one subject.

*State ex rel. v. Hooker, Co. Judge,* 22 Okla. 713, 98 Pac. 964; *Rochester Brewing Co. v. State,* 26 Okla. 309, 109 Pac. 298; *State v. Hoffer,* 3 Okla. Cr. 340, 108 Pac. 533.

(b)  Section 23, art. 3, of said act (Sess. Laws 1907-8, p. 611), providing for the removal of sheriffs, constables, police officers and county and city attorneys for failure to enforce the provisions of said act, seems to be germane to the title thereof. *State ex rel. v. Hooker, Co. Judge, supra; Rea, County Clerk, v. Board of County Commissioners of Lincoln County,* recently decided by this court.*  The providing expeditious machinery for the removal of such officers from office for the failure to faithfully enforce the provisions of said act is as much germane and cognate to the subject as the providing for the appointment of an attorney to prosecute violations thereof.  Just as it is essential for attorneys to prosecute the violators of the provisions of said act, so is it necessary that the officers whose duty it is to perform such duties should faithfully perform the same, and, when not, that they should be removed from office.  Said section is therefore within the scope of the title and a valid part of said act.

(c)  That said section 23 of said act is not repugnant to sec. 59, art. 5, of the Constitution, which provides that laws of a general nature shall have uniform operation throughout the state and where a general law can be made applicable a special law shall not be enacted, has been settled by this court.  *State ex rel. v. Brown, Judge,* 24 Okla. 435, 103 Pac. 762.

(d)  Does section 23 of said act violate sec. 1, of art. 4, of the Constitution?—wherein it is provided:

"The powers of the government of the State of Oklahoma shall be divided into three separate departments:  The Legislative, Executive, and Judicial; and except as provided in this Constitution, the Legislative, Executive, and Judicial departments of government shall be separate and distinct, and neither shall exercise the powers properly belonging to either of the others."

In *The State ex rel. Sanders v. Blakemore,* 104 Mo. 340, 15 S. W. 960, section 630 of the Rev. St. 1879, which provided that a

---

* Pending on rehearing.

court may suspend its clerk for misdemeanor in office until a trial can be had, and may appoint a temporary clerk who "shall continue in office until the regular clerk shall resume his office or a successor shall be elected," was held to be valid.

In *Ex parte Wiley,* 54 Ala. 226, Chief Justice Brickell, in speaking for the court, said:

"The Constitution simply creates the office of county solicitor, defines the manner of election, and fixes the duration of the official term. Thus far, the office is beyond legislative control. The office may not be abolished—appointment cannot be substituted for election, nor the power of election transferred from the voters of the county; nor can the official term be enlarged or diminished. The whole matter of removal or suspension from office, the causes for which, and the mode in which it may be effected, not being expressed in the Constitution, is a proper subject of legislation. It is part of the sovereignty of the state, part of the law-making power, and is not either expressly or impliedly withheld from the general assembly. Good government requires that the mode and causes of removal or suspension should be clearly defined. The necessity for the exercise of the power may arise from the misfortune of the officer—from unavoidable accident, as well as from malfeasance or misconduct. The sudden visitation of insanity, or of disease in its varied forms, may incapacitate. Official power should not be indefinitely suspended, awaiting a recovery which may be hopeless, or the expiration of the official term. The act of the officer may incapacitate, rendering the exercise of official power by him improper. The power of the Legislature is plenary, and they can determine what shall be cause and the mode of removal or suspension. When they determine, their commands must be enforced. They may, as they have by the statute under consideration, declare that it is improper for an officer charged with the duty of prosecuting criminal offenses, to perform that duty, while himself resting under a criminal accusation. The occupancy of official position, and the possession of official power, it may be supposed, would afford the means and opportunity of unduly influencing the prosecution against the officer, and his suspension essential to the purity and certainty of the administration of the criminal law. We cannot pronounce the enactment, so far as it authorizes the suspension of a county solicitor under indictment, violative of the Constitution. The application averring the

pendency of the indictment against the relator, and that it was the cause of the order of suspension, if the order could be deemed irregular, mandamus is not the remedy for its correction.

"The order is not irregular. The record discloses the circuit judge pursued the statute strictly. When it became known to him, as it must have been, when the grand jury returned the finding into court, and it was ordered to be filed, the order of suspension was made. It is not contemplated by the statute that any motion for the order of suspension shall be made, nor that action by the court shall be invoked by the state, or by any party. The court acts *mero motu*, on its own knowledge. Notice to the solicitor is not an ingredient of the proceeding. There is no disputable fact to be tried or considered. In this case, the record, which was of absolute verity, furnished the evidence that the indictment had been presented, and notice would not have availed the relator. Besides, the record discloses, as we think, that he had notice. It is averred the order of suspension was made against his objection, importing his presence when it was made."

Said section does not seem to be repugnant to sec. 1, art. 4, *supra*.

2. Plaintiff seems not to have made application to the court for an amendment to the order directing that the *ex parte* affidavit should be served upon him or his counsel or that the time and place of hearing thereon should be changed. Nor has any objection been made before said court as to such hearing being had at such time and place. Plaintiff was present in person and by counsel when the order was made fixing such time and place. The writ will not be awarded, if at all, under the present circumstances. *Morrison v. Brown, Judge, et al.,* 26 Okla. 201, 109 Pac. 25; *Hill v. Tarver,* 130 Ala. 592.

Assuming that Fred S. Caldwell, as counsel to the Governor, and J. M. Hayes, as assistant counsel to the Governor, may have been acting under an invalid act, or invalid appointment, in appearing before the grand jury, does that render said accusation or recommendation of the grand jury, under sec. 23, art. 3 of the Enforcing Act, relative to the removal of the plaintiff from office, void or deprive the district court of jurisdiction of such proceeding?

In *Rutter v. Territory*, 11 Okla. 454, it is said:

"We understand by this provision of the statute that the defendant, in the proceeding under consideration, cannot stand upon all the technicalities which have been or may be devised in the testing and trial of an indictment; and there is good reason for this position found not only in the express direction of the statute, which has been herein recited, but also in the fact that no criminal punishment is imposed as a result of a verdict of guilty of the matters charged in the accusation, but that the judgment founded thereon shall be 'removal from office,' a relief which should be ready, speedy and accessible in behalf of the people who have selected the official and who ought to, if the charge of the corruption and wilful misconduct of officials whom they have elected has been sustained upon an accusation expressed in such plain and simple language as that a person of plain and common understanding may know what is intended."

The provision in section 23, *supra*, is that the petition for removal may be filed in the district court of the county wherein such officer resides, in the name of the state, on the relation of any citizen thereof, upon the recommendation of a grand jury, or on the relation of the board of county commissioners, or of any attorney appointed by the Governor under the provisions of this act.

Under the authority of *Rutter v. Territory, supra*, we conclude that the fact of the appearance of said attorneys before the grand jury, although they may have been acting under a void statute, would not invalidate the recommendation or accusation made by said grand jury under a proceeding for removal instituted by virtue of sec. 23, of art. 3, of the Enforcing Act.

The writ of prohibition is sought in this proceeding against the district court, Fred S. Caldwell, as counsel to the Governor, and also the Attorney General. The Attorney General, when directed by the Governor, would have authority to prosecute said action in the district court in the name of the state (*State ex rel. v. Huston, et al.*, 21 Okla. 782, 97 Pac. 982), and, in the absence of an affirmative showing to the contrary, he is presumed to appear for the state in such action, after having been so requested by

the Governor or a branch of the Legislature. *State v. Welbes,* 11 S. D. 86, 75 S. W. 820. The district court having jurisdiction of the subject-matter and the Attorney General, on this record, having authority to prosecute the same, it is not essential to determine in this case as to the validity of sec. 24, art. 3, of the Enforcing Act (Sess. Laws 1907-8, p. 612).

All the Justices concur.