### STATE v. DAVENPORT.

No. 11090—Opinion Filed Sept, 21, 1920.

Rehearing Denied Nov. 16, 1920.

(Syllabus by the Court.)

**1. Statutes — Construction — Legislative Intent.**

It is a cardinal rule in the construction of statutes that the intention of the Legislature, when ascertained, must govern, and that to ascertain the intent all the various provisions of legislative enactments upon the particular subject should be construed together and given effect as a whole.

**2. Officers — Removal — Statutes—Authority of Attorney General.**

Chapter 205, Session Laws of 1917, is a special act relating to the removal of officers. Section 9 of said act vests the exclusive power and authority to commence actions for the removal of officers under said chapter in the Attorney General, and provides that the proceedings must be in the name of the state of Oklahoma, on relation of the Attorney General. Section 2 of said act provides that the proceeding is by petition filed by the Attorney General.

**3. Same—Powers of Grand Jury—Accusation.**

The grand jury has no jurisdiction or authority to present an accusation to the district court for removal of an officer for causes enumerated in subdivision 3, section 3, chapter 205, Session Laws of 1917

Error from District Court, Grady County; Chas. G. Watts, Assigned Judge.

Accusation against R. E. Davenport, County Judge of Grady County, praying for his removal from office. Judgment for defendant, and the County Attorney of Grady County, on behalf of the state, brings error. Affirmed.

Wm. Stacy, J. R. Orr, and Holding & Herr, for plaintiff in error.

Stuart, Sharp & Cruce, for defendant in error.

McNEILL, J. The grand jury of Grady county, Oklahoma, returned into the district court of said county an accusation against R. E. Davenport, the county judge, praying for his removal from office for causes coming within subdivision 3, section 3, chapter 205, Laws of 1917. To this accusation, the defendant, Davenport, filed a demurrer upon two grounds: First, the offenses alleged in the accusation did not involve moral turpitude; second, that the grand jury had no jurisdiction to return an accusation for removal of an officer for the causes enumerated in chapter 205 of the Laws of 1917. The trial judge sustained the demurrer and dismissed the accusation. From said judgment, the county attorney, on behalf of the state, has appealed.

We will first discuss the question of the jurisdiction of the grand jury to return an accusation for the removal of an officer upon grounds set forth in subdivision 3 of section 3, chapter 205, of the laws of 1917.

The county attorney admits that chapter 205 of Laws of 1917 is a cumulative statute, but contends that the grand jury has the inherent power and authority to present an accusation for removal of officers for the grounds enumerated in said chapter.

The defendant in error contends that said act is a special act, and in order to remove an officer for the causes enumerated in said act, the accusation must be in the name of the state of Oklahoma, on relation of the Attorney General.

It is admitted that the accusation against the defendant does not charge a violation of any provisions of section 5592, Rev. Laws 1910. The charges against the defendant, if true, would be a violation of subdivision 3 of section 3, chapter 205, Session Laws 1917, which section is as follows:

"3. Committing any act constituting a violation of any statute involving moral turpitude."

The Constitution of Oklahoma in dealing with removal of officers contains the following provision (section 2, art. 8):

"All elective officers, not liable to impeachment, shall be subject to removal from office in such manner and for such causes as may be provided by law."

By this provision of the Constitution, the Legislature was given authority to prescribe the manner and enumerate the causes for which an elective officer might be removed.

One of the cardinal rules applied in the construction of statutes is stated in the case of Board of County Commissioners of Creek Co. v. Alexander, 58 Okla. 128, 159 Pac. 311, as follows:

"It is a cardinal rule in the construction of statutes that the intention of the Legislature, when ascertained, must govern, and that to ascertain the intent all the various provisions of legislative enactments upon the particular subject should be construed together and given effect as a whole."

We will now direct our attention to the various provisions of the different statutes in regard to removal of officers.

The Legislature passed a general law relating to the removal of officers, being sections 5592 to 5608, Revised Laws of 1910. Section 5592 enumerated eight separate and distinct grounds for removal. The procedure by which an officer may be removed is contained in section 5593, which provides it may be by accusation presented by the grand jury, and section 5605, which provides may be on behalf of the board of county commissioners.

The Legislature of 1917 passed a special act for the removal of officers, which is known and commonly referred to as the "Attorney General Bill." Section 1 of said act is as follows:

"Section 1. All state officers not subject to impeachment under section 1, article 8, of the Constitution, and all county, city and municipal officers may, in addition to the methods now and causes provided by law, be removed from office as herein provided."

Section 2 of said act provides the procedure to be by petition filed by the Attorney General. Section 9 of said act is as follows:

"Section 9. All actions under the provisions of this act shall be commenced in the name of the state of Oklahoma on the relation of the Attorney General of the state."

The question for consideration is, Does a grand jury have jurisdiction to present an accusation for removing an officer for causes enumerated in chapter 205, Session Laws of 1917, or does section 9 of said act control the procedure? The statute is a cumulative statute, and does not attempt to repeal the general law for removal of officers; but, as set forth in said act, the same is in addition to the remedy and procedure provided in the general law for removal of officers. Section 2 of said act provides for a petition to be filed by the Attorney General. Section 9 of said act provides that all actions brought under this chapter shall be in the name of the state of Oklahoma, on relation of the Attorney General. It would seem that the language used is unambiguous and subject only to the one interpretation—that is, that all actions for violation of the provisions of this chapter must be prosecuted by petition in the name of the state, on relation of the Attorney General.

Counsel for the state cited the case of Maben v. Rosser, 24 Okla. 588, 103 Pac. 674, but this case in our judgment has no application to the case at bar, nor can the discussion of the case be of any aid in construing this statute. Counsel also rely upon the case of Barnett v. City of Noblesville (Ind.) 60 N. E. 704, but that case is not in point. The question therein presented may be stated as follows: The Legislature of Indiana in 1867 passed an act providing that a city official might be removed by the city council. Thereafter, in 1875, an act was passed by the Legislature providing that any official who should become intoxicated during business hours might be removed from office upon complaint of any person filing an accusation in the circuit court. Thereafter, in 1897, an act was passed by the Legislature providing for removal of an officer upon accusation presented by a grand jury. The city council attempted to remove one of its officials as provided in the act of 1867. The officer questioned the right of the city council to remove him, contending the law of 1867 had been repealed by the law of 1875 and the law of 1897. The court held that the acts of the Legislature were cumulative, and the act of 1867 was not repealed; and that was the only question involved in said case.

The case of State ex rel. Whitaker v. Adams (La.) 15 South. 490, is also cited, but that case is not in point, but is similar to the case of Barnett v. City of Noblesville. If anything, the two cases cited above support the contrary theory to that contended for by the county attorney. In both instances the courts held the subsequent acts of the Legislature cumulative, and that the procedure provided in each act controlled cases coming within that section of the statute.

We have been unable to find a case exactly in point, nor has any been cited, but cases similar in analogy have been decided by the Supreme Courts of California, Idaho, and North Dakota, and the same are beneficial in determining the case at bar, to wit: Crossman v. Lesher (Cal.) 32 Pac. 449; Ponting v. Isaman (Idaho) 62 Pac. 680; Corker v. Pence (Idaho) 85 Pac. 388; McRoberts v. Hoar (Idaho) 152 Pac. 1046; State v. Richardson (N. D.) 109 N. W. 1026. The state in each instance had a general law for the removal of officers. The Legislature thereafter passed a cumulative statute which also

provided that if an officer collected an illegal fee, he might be removed upon petition by any citizen filed in the circuit court. In each of these cases the courts held that the acts of the Legislature were cumulative, and that a citizen could file a petition to remove an officer only *for the collection of illegal fees or the causes enumerated under the law that gave him the authority. In other words, by applying the same rule to the case at bar, the Attorney General could not file a petition to remove an officer upon the grounds set forth in section 5592, for the reason that the Legislature has given him no power or authority, but has given that authority to the county commissioners and grand jury. If the grand jury has any right or authority to present an accusation against an officer, that authority must have been conferred upon the grand jury by the Legislature; no such authority is given the grand jury by chapter 205 of the Laws of 1917, nor by any other section of the statute. The section that gives the grand jury authority to remove an officer is section 5593, and that section provides that the grand jury can only present an accusation for removal of an officer for the grounds enumerated in section 5592.

Counsel for the state suggest that sections 5716 and 5724, Rev. Laws 1910, give the grand jury general power to remove officers, but in this we cannot agree. Section 5716 provides that if the defendant had committed an offense, the grand jury could inquire into the same and present an indictment against him for the crime. There is no question but that if the defendant has committed a crime, the grand jury may indict him for the same. Section 5724 provides that the grand jury must inquire into any unlawful and corrupt misconduct on the part of public officers. Unlawful and corrupt misconduct are two of the grounds for removal of an officer contained in section 5592, being subdivisions 4 and 6 of said section. But it must be remembered that the charges against the defendant do not come within the grounds of unlawful and corrupt conduct.

In view of the above authorities, we are constrained to hold that chapter 205 of the Laws of 1917 is a cumulative statute, special in its nature, and gives to the Attorney General exclusive power and authority to remove officers for the causes enumerated in said section, and the procedure must be by petition in the name of the state, on relation of the Attorney General, and the grand jury has no authority to present an accusation against an officer praying for removal on the grounds enumerated in said chapter.

For the reasons stated, the judgment of the court is affirmed.

RAINEY, C. J., and HARRISON, KANE, PITCHFORD, JOHNSON, HIGGINS, and RAMSEY, JJ., concur.