**HINZ v. HUNT, District Judge.**

No. 14938—Opinion Filed Dec. 11, 1923.

Rehearing Denied Jan. 15, 1924.

(Syllabus.)

**Officers—Removal — Statutes — Procedure.**

"Chapter 205, Session Laws 1917, is a cumulative statute, its purpose being to prescribe additional causes for removal from office, and actions thereunder shall be commenced in the name of the state, on relation of the Attorney General. Said act does not have the effect of depriving the grand jury of jurisdiction to present accusations charging any public officer, not subject to impeachment, with any of the causes for removal mentioned in section 5592, Rev. Laws 1910."

Original Application for Writ of Prohibition.

Petition by L. C. Hinz against Albert C. Hunt, Judge of District Court of Tulsa County. Writ denied.

Coffey & Grove, for plaintiff.

Geo. F. Short, Atty. Gen., M. W. McKenzie, Asst. Atty. Gen., and John M. Goldesberry, County Atty., Tulsa County, for defendant.

HARRISON, J. This is an original application for writ of prohibition against the district judge of Tulsa county, to prevent him from exercising jurisdiction in removing certain officers of the county in actions brought by the officers of such county for certain acts of misfeasance in office.

It is the pleasure of the court that, owing to the harmonizing of the two statutes involved, it is better that an opinion be written. The answer or demurrer of defendant, Albert C. Hunt, district judge, is as follows:

"First. That the petition of plaintiff as filed herein does not state or allege facts sufficient to constitute a cause of action in favor of the plaintiff herein, and against the defendant, for the reason that said petition shows upon its face and from the allegations therein contained, that the said defendant, as judge of the district court aforesaid, has jurisdiction of the subject-matter and of the parties to the action pending in said district court of Tulsa county, Oklahoma, and same is such an action that an appeal will lie to the Supreme Court of the state of Oklahoma, from the order or judgment of said district court of Tulsa county, Oklahoma."

"Second. That the act of the Legislature of the state of Oklahoma, approved February 19, 1917, commonly known and designated as the Attorney General's Bill, same being chapter 205 of the Session Laws of 1917, is a cumulative statute, special in its nature, and does not affect, modify, or repeal the general statutes of this state providing causes for removal of officers and the procedure thereunder, same being sections 2393 to 2410, inclusive, of the Compiled Statutes of 1921, neither does said Attorney General's Bill or the general statutes upon the subject of removal of officers affect, modify, or repeal sectin 7036 of the Compiled Statutes of 1921, same being the statutes under which said action is sought to be prosecuted in the trial court of which the defendant is the judge thereof."

The substance of the contention of plaintiff is that the judge of the district court had no jurisdiction for the reason that the action was brought under article 4, chapter 62, Rev. Laws 1910, when it should have been brought under the act of February, 1917, commonly known as the Attorney General's Bill, but it was clearly held by this court in State v. Davenport, 79 Okla. 297, 193 Pac. 419, in an action involving the same question, that the act of 1917, which vests certain powers relating to the removal of officers in the Attorney General, was not exclusive, but merely cumulative, and did not repeal the provisions of article 4, chapter 62, Rev. Laws 1910.

To the same effect was the case of Bowles v. State, by this court, 90 Okla. 199, 215 Pac. 934, wherein it was held, in an opinion by Mr. Justice Nicholson, that:

"Chapter 205, Session Laws 1917, is a cumulative statute, its purpose being to prescribe additional causes for removal from office, and actions thereunder shall be commenced in the name of the state, on relation of the Attorney General. Said act does not have the effect of depriving the grand jury of jurisdiction to present accusations charging any public officer, not subject to impeachment, with any of the causes for removal mentioned in section 5592, Rev. Laws 1910."

Therefore we must hold that the two provisions of statutes referred to are merely cumulative, that neither is exclusive, and that therefore the writ of prohibition should be denied, and it is so ordered.

JOHNSON, C. J., and McNEILL, KANE, KENNAMER, NICHOLSON, COCHRAN, and BRANSON, JJ., concur.