## GARRETT v. STATE ex rel. Attorney General.

No. 13466—Opinion Filed July 14, 1925.

(Syllabus.)

**1. Evidence — Officers — Presumption of Proper Performance of Duties.**

In the discharge of the duties of public officers, in the absence of evidence to the contrary, the law presumes that such officers have properly performed their duties and that they have complied with all the forms of law necessary to qualify them to act as they have done, and where some preceding act or pre-existing fact is necessary to the validity of such official acts, the presumption in favor of the validity of the official act is indulged until the contrary is shown.

**2. Appeal and Error—Presumption — Authority of Attorney General to Appear in Trial.**

Where defendant fails to question the authority of the Attorney General to appear in the capacity of a public prosecutor in the trial court, it will be presumed on appeal that the proceedings were in all respects regular and that the Attorney General was clothed with the prerequisite authority to appear in that capacity.

Error from District Court, Carter County; Edward Dewes Oldfield, Assigned Judge.

Action by the State of Oklahoma ex rel. Attorney General against Buck Garrett. Judgment for plaintiff, and defendant brings error. Affirmed.

Guy H. Sigler. C. A. Coakley, H. A. Ledbetter. J. B. Champion, and R. R. Sneed, for plaintiff in error.

Russell B. Brown and C. W. King, for defendant in error.

PHELPS, J. This action was originally instituted in the district court of Carter county, Okla., by the state of Oklahoma ex rel. Attorney General, against Buck Garrett, sheriff of Carter county, by the Attorney General filing a petition praying for the removal of said Buck Garrett from the office of sheriff, alleging in the first count thereof that said Garrett permitted the operation of illicit stills for the purpose of manufacturing intoxicating liquors and permitted the sale of such liquors; and, in the second count, the said sheriff permitted numerous gambling houses to be operated in violation of law; and, in the third count, that said sheriff aided and assisted one charged with intent to kill in his defense against said charge; **and, in the fourth** count, that said sheriff permitted the operation of houses of prostitution within Carter county, Okla., all in violation of law.

Upon said petition, after due notice, Mr. Garrett was by the district court of Carter county suspended from office pending final trial of the issues. Upon such suspension from office, Ewing London was appointed to serve as sheriff until a final hearing of the charges against Garrett, and it appears from the record that when Mr. London took charge of the sheriff's office, together with the jail, records, etc., it was discovered that the jail records showed 45 prisoners in jail, but that upon count of the prisoners there were only 33 actually incarcerated in the jail, and upon such discovery the Attorney General filed an amendment to his petition, consisting of count 5, in which he alleged that the sheriff had been wholly negligent and failed and refused to perform his duty in keeping the prisoners in jail, but willfully, carelessly, and unlawfully allowed such prisoners to escape jail and released them therefrom without having served the sentences imposed by the various courts in which they were tried, and upon the fifth count also prayed the removal of Garrett as such sheriff. Upon trial before a jury Mr. Garrett was found guilty on count 5, and upon said verdict of guilty the court entered its judgment and decree removing Garrett from office, from which judgment and the order overruling motion for new trial the defendant prosecutes his appeal to this court.

While there are several assignments of error discussed in the briefs, the real question presented by the appeal and for our determination is, Is the Attorney General authorized, on his own initiative, to file ouster proceedings under section 2414, Comp. St. 1921, for offenses enumerated in section 2413, Comp. St. 1921, and if he is not so authorized, but is directed by the Governor, or proceeds upon verified notice from five or more reputable citizens, must the record affirmatively disclose that fact as a condition precedent to his instituting and

maintaining such proceeding, or will a failure on the part of the accused to question the Attorney General's authority to prosecute such action prior to the trial constitute a waiver on the part of the accused?

Section 2414, Comp. St. 1921, reads as follows:

"It shall be the duty of the Attorney General of this state, when directed by the Governor, or upon notice being received by him in writing and verified by five or more reputable citizens of the county before some officer authorized to administer oaths, that any officer herein mentioned has been guilty of any of the acts, omissions or offenses as set out in section 3 (section 2413, Comp. St. 1921) of this act, to forthwith investigate such complaint, and if on such investigation he shall find that there is reasonable cause for such complaint, he shall forthwith institute proceedings in the Supreme Court of the state, or any district court of the county of the residence of the accused, to oust such officer from office."

And section 2413, Comp. St. 1921, reads as follows:

"Official misconduct within the meaning of this act is hereby defined to be:

"1. Any willful failure or neglect to diligently and faithfully perform any duty enjoined upon such officer by the laws of this state.

"2. Intoxication in any public place within the state produced by strong drink voluntarily taken.

"3. Committing any act constituting a violation of any penal statute involving moral turpitude."

And section 2422, Comp. St. 1921, reads as follows:

"The Attorney General shall have power and is hereby authorized on his own initiative, when he has reason to believe that the gambling or prohibitory laws, or other penal statutes of the state, are being openly and notoriously violated in any county of the state, or subdivision thereof, to institute proceedings in ouster against any and all officers mentioned and included within the terms of this act, whose duties charge them with the enforcement of the laws of this state, as fully as he is hereinbefore authorized to do."

Counsel for plaintiff in error contend that the court had no jurisdiction to try the defendant upon the amendment to the petition, and, particularly, upon count 5 thereof, for the reason that the record fails to affirmatively show either that the proceedings were authorized by the Governor, or by notice from five reputable citizens as provided in section 2414, supra, and that the Attorney General was not authorized under section 2422, supra, to prosecute an action on his own initiative for the removal of the defendant upon the grounds set out in count 5 of the amendment to the petition.

It appears that the record in this case is incomplete, only that part of the record dealing with count 5 of the amendment to the petition and the questions relevant thereto being furnished us, but such of the record as we have fails to disclose whether the Attorney General instituted and prosecuted this action under section 2414 or 2422, supra. In the Attorney General's brief he states that he was authorized by the Governor to make this investigation, but in view of the fact that the record is silent upon that question, in reaching our conclusion we cannot consider these statements.

Under section 2422, supra, the Attorney General was unmistakably authorized to file and prosecute on his own initiative the cause as stated in his original petition, as it was clearly the intention of the Legislature by this act to give the Attorney General power and authority to prosecute violations of gambling and prohibitory laws of this state upon his own initiative without any direction from the Governor, or any solicitation on the part of the citizens in addition to the laws then already existing. State v. Davenport, 79 Okla. 297, 193 Pac. 419; Bowles v. State, 90 Okla. 199, 215 Pac. 934. Indeed this authority is not denied by plaintiff in error, but having instituted this action, as a result thereof the Attorney General discovered the facts upon which he bases count 5 in the amendment to his petition, and plaintiff in error contends that, the facts therein enumerated not coming within the provisions of section 2422, pertaining to the gambling and prohibitory laws, before he would be permitted to institute and prosecute the action as therein stated he must not only be authorized to do so as provided in section 2414, but that the record must affirmatively show that fact. With this contention we cannot agree. It will be observed, according to the language of this section of the statute, that when the Attorney General "has reason to believe that the gambling or prohibitory laws, or other penal statutes of the state, are being openly and notoriously violated. * * *" he may proceed on his own initiative.

Section 5898, Comp. St. 1921, provides that:

"The sheriff shall have the charge and custody of the jail of his county, and all the prisoners in the same, and shall keep such jail himself or by his deputy or jailor,

for whose acts he and his surety shall be liable."

And section 1663, Comp. St. 1921, provides that:

"Any sheriff, coroner, clerk of the court, constable or other ministerial officer and any deputy or subordinate of any ministerial officer, who either:

"First. Willfully or carelessly allows any person lawfully held by him in custody to escape or go at large, except as may be permitted by law; * * * is guilty of a felony."

It will, therefore, be observed that if plaintiff in error, as the sheriff of Carter county, had released from custody or permitted to escape twelve prisoners which his record showed were confined in jail, but who in fact, upon investigation, were not incarcerated therein, the Attorney General's argument that this infraction of the law comes within the provisions of section 2422, supra, designated as "Other penal statutes of the state, are being openly and notoriously violated," is worthy of very serious consideration. However, the real gist of this action is not whether the Governor directed or authorized the Attorney General to commence and prosecute this action, but the real question is whether the record must affirmatively show that the Governor authorized the prosecution before the court would have jurisdiction to hear and determine the issues raised by the pleadings. Counsel for plaintiff in error cite State ex rel. Haskell, Governor, v. Huston, 21 Okla. 782. 97 Pac. 982, which was a cause arising soon after statehood and before the passage of the so-called Attorney General's Bill. In that case the Attorney General, without the knowledge, consent, or direction of the Governor, filed an injunction proceeding against the Prairie Oil & Gas Company before the district court of Logan county, Okla. The Governor filed his motion to dismiss the action upon the grounds that he had not authorized the Attorney General to file the action. The district court overruled the motion; whereupon the Governor made application to this court for a writ of prohibition, prohibiting the Attorney General and the district court of Logan county from proceeding further with the cause. The writ was granted, and in discussing the question before it this court used the following language:

"Whether the district court of Logan county, in the absence of the request of the Governor on the Attorney General to bring the suit complained of. ever had jurisdiction to entertain the suit is a question upon which we express no opinion, but certain it is that, after being legally informed by the motion of the Governor to dismiss that suit on the ground that it was brought by the Attorney General without the request of the Governor, it was without jurisdiction to proceed further in the case."

It will, therefore, be seen that an entirely different state of facts prevailed in that case from the state of facts existing in the instant case. There the Governor himself called the court's attention to the fact that he had not authorized the action; here the record is as silent as the grave as to whether there was any authorization. Therefore, we do not consider that case as an authority applicable to the facts herein.

The question presented here was before this court in Leedy v. Brown, 27 Okla. 489, 113 Pac. 177, wherein the Attorney General and Fred. S. Caldwell, "Special Counsel to the Governor," filed ouster proceedings in the district court against the sheriff. The sheriff made application to this court for a writ of prohibition to prohibit the Attorney General, the "Special Counsel to the Governor," and the district court from proceeding with the action. The writ was denied, and from the opinion, written by Mr. Justice Williams, we quote the following:

"The writ of prohibition is sought in this proceeding against the district court, Fred S. Caldwell, as counsel to the Governor, and also the Attorney General. The Attorney General when directed by the Governor would have authority to prosecute said action in the district court in the name of the state, and, in the absence of an affirmative showing to the contrary, he is presumed to appear for the state in such action, after having been so requested by the Governor or a branch of the Legislature. State v. Welbes, 11 S. D. 86, 75 N. W. 820."

And in the fourth paragraph of the syllabus states:

"When an action is commenced in the district court in the name of the state by the Attorney General, in the absence of an affirmative showing to the contrary, he is presumed to have brought such action after having been requested by the Governor or one of the branches of the Legislature."

This rule was followed by this court in Board of County Commissioners v. Fink, 45 Okla. 121, 145 Pac. 413, wherein the defendant moved to dismiss the appeal upon the grounds that the record did not affirmatively show that the county attorney of Muskogee county had authority from the board of county commissioners to appeal, and attached to his motion to dismiss was a certificate of the county clerk to the effect that the minutes and records of the board of county commissioners did not show that they

authorized the appeal. This court overruled the motion to dismiss, using this language:

"But in the case at bar the record does not disclose the attitude of the board of county commissioners. The county attorney, under the law, must appear for them, and is presumed to be acting within the scope of his authority. It is not necessary, in any case where the county appeals, that the board of county commissioners enter upon their minutes an order directing the county attorney to perfect and prosecute the appeal, and the absence of such an order does not give rise to the presumption that the board are opposed to or have not consented to such appeal; but the presumption is that the county attorney is acting within the scope of his authority. See Leedy v. Brown, Judge, 27 Okla. 494, 113 Pac. 177."

In the opinion, it is further said:

"The 'affirmative showing' referred to means 'an affirmative showing by the party whom the attorney represents.' * * * It does not mean that the adverse party may challenge the right of the attorney appealing except when the records of the appellants or the appellants themselves indicate affirmatively that they do not desire to appeal."

This question was again before this court in Williams-Halsell-Frazier Co. v. State, 68 Okla. 40, 171 Pac. 453, in which this court used the following language:

"The Bank Commissioner was a state official, and in administering the affairs of the defunct bank was acting in the discharge of important duties imposed upon him by law, and his official acts were entitled to the same presumption which applies to the acts of public officials generally, which is that, in the absence of evidence to the contrary, the law presumes that such officers have properly performed their duties, and that they have complied with all the forms of law necessary to qualify them to act as they have done, and where some preceding act or pre-existing fact is necessary to the validity of an official act, the presumption in favor of the validity of the official act is presumptive proof of such preceding act or pre-existing fact, for the law will not presume that the Bank Commissioner or any other public official has acted in excess of his lawful authority or in an illegal manner. Southern Surety Co. v. Waits, 45 Okla. 513, 146 Pac. 431; Southwestern Surety Ins. Co. v. Davis, 53 Okla. 332, 156 Pac. 213; Lusk v. Porter, 53 Okla. 294, 156 Pac. 224; Board Com'rs v. Field, 63 Okla. 80, 162 Pac. 733; 4 Wigmore, Ev., section 2534; 1 Jones, Ev., section 41 et seq.; 22 A. & E. Encyc. 1267, 1269; Lawson on Presumptive Evidence. In Territory v. Sellers et al., 15 Okla. 419, 82 Pac. 575, it is said: 'The law is well settled that, in the absence of proof, it will be presumed that the official

acts of a public officer were regular, and that the officer acted within the scope of his powers.'"

In Luther v. State, 18 Okla. Cr. 664, 197 Pac. 533, the Criminal Court of Appeals of this state, in paragraph 2 of the syllabus, stated:

"Where defendant fails to question the authority of the Attorney General to appear in the capacity of a public prosecutor in the trial court, it will be presumed on appeal that the proceedings were in all respects regular, and that the Attorney General was clothed with the prerequisite authority to appear in that capacity."

In the light of the foregoing authorities it seems a well-settled rule of law in this state that, in the absence of proof to the contrary, the Attorney General had the right and authority to appear and prosecute this action. The judgment of the district court of Carter county is therefore affirmed.

NICHOLSON, C. J., and HARRISON, MASON, LESTER, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See under (1) 22 C. J. p. 130, § 69; p. 142, § 72. (2) 3 C. J. p. 761, § 664; 4 C. J. p. 741, § 2674.