E. N. SASSEEN, County Attorney of Washita County, Oklahoma, acting under the direction of the Board of County Commissioners of Washita County, Oklahoma, for the entire taxpaying public of said County, Plaintiff in Error,

v.

STATE BOARD OF EQUALIZATION of the State OF OKLAHOMA, Defendant in Error.

No. 39337.

Supreme Court of Oklahoma.

June 13, 1961.

E. N. Sasseen, County Atty., Washita County, Cordell, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Fred Hansen, First Asst. Atty. Gen., L. G. Hyden, Asst. Atty. Gen., Albert D. Lynn, Gen. Counsel, Oklahoma Tax Commission, Ed Armstrong, Asst. Counsel, Oklahoma Tax Commission, Oklahoma City, for defendant in error.

Otjen & Carter, by Frank Carter, Enid, for Oklahoma Farm Bureau, amicus curiae.

PER CURIAM.

Here, plaintiff in error, referred to as appellant, appeals from the same order of the State Board of Equalization appealed from in Causes Numbered 39321, 39323, Board of County Commissioners v. State Board of Equalization, Okl., 363 P.2d 242; Okl., 363 P.2d 263, and other similar appeals.

The Oklahoma Tax Commission's ratio study, presented at the hearing before the State Board, indicated that urban land and improvements in Washita County was assessed at 15.20% of its fair cash value, and rural land and improvements in said County was assessed at 15.46% of its fair cash value.

The order appealed from effected no change in the assessed value of the urban property, but required that the rural valuations be increased 9.75%.

In its argument for reversal of the order, appellant adopts, with certain additions, the arguments advanced by the Board of County Commissioners of Canadian County, in Cause No. 39321, supra.

By way of adding to the arguments under "Proposition II" of the Canadian County Board's brief, to the effect that the order amounts to a "raise" rather than an "equalization", of taxes, appellant says that, since, under Title 68 O.S.1959 Supp. § 60.1, millages must be allocated by county excise boards not later than July 25th of each year, the order will have the inevitable effect of increasing taxes, at least, for one year. The appellee board's position is that such statutes, as the cited one, are directory (as distinguished from mandatory), and that, under an excerpt it quotes from our opinion in Greer County Excise Board v. Lowden, 177 Okl. 7, 57 P.2d 612, 615, the Washita County Excise Board *could* have met after July 25th, and adjusted tax levies in said county upon consideration of the challenged order; and that, in the absence of any claim, or showing, to the contrary, it must be presumed to have done so, citing and quoting the first paragraph of the syllabus of Garrett v. State, 113 Okl. 63, 238 P. 846. In appellant's Reply Brief, no attempt is made to refute this argument. We will therefore regard its correctness as

conceded, and will pass on to appellant's Proposition III.

■ Under said Proposition, appellant argues that the aforementioned ratio study does not reflect true rural values in Washita County because it covered only a part of the year 1958, when, because of the opening of the Clinton-Sherman Airforce Base and the extension of the boundaries of municipalities like Cordell, Sentinel and Dill City, rural tracts, adjacent to the cities and towns involved, sold at inflated prices, not because of their value as farm, or rural, land, but because of their location or proximity to such municipalities.

Appellant's statement that such lands were developed as subdivisions prompts the appellee board to remind us that, in the Tax Commission's ratio study, all *platted* lands *outside* municipal boundaries were *not* considered as "*rural*", but as "urban", land and improvements. We think appellant's argument ineffective also because, though it challenges the soundness of using county conveyance records to determine fair cash values (as was done in the ratio study) it cites no instance in which such use resulted in an incorrect conclusion. Nor does it represent that any of the rural properties used in the Washita County study, has, since 1958, had a lower fair cash value than it had at any time during that year. In appellant's reply brief, its counsel merely says: "We have not had an opportunity to examine the survey (ratio study) * * *".

■ In view of the foregoing, we have found nothing in the arguments appellant has added to those advanced in Cause No. 39321, supra, to necessitate any addition to what was said, and held, in that case, and Cause No. 39323, supra. Accordingly, the applicable portions of the syllabi and opinions in those cases are adopted as the syllabus and opinion in this case; and the time for the filing of a petition for rehearing is reduced to 10 days, as therein ordered.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and WELCH, DAVISON, HAL-LEY, JOHNSON and BERRY, JJ., concur.

JOHNSON and BERRY, JJ., concur.

IRWIN, J., concurs specially.

JACKSON, J., dissents.

IRWIN, Justice (concurring specially).

I concur specially for the reasons set forth in Case No. 39,321, Board of County Commissioners of Canadian County, Oklahoma v. State Board of Equalization, Okl., 363, P.2d 242.